1116000828

certified mail by special process
DISTRICT COURT OF SHAWNEE COUNTY KANSAS
200 East 7th
Topeka, Kansas  66603
Division 07
Chapter 60

Case Number 11C 000683

ALICE PONTIOUS
Plaintiff 1


        VS.

MEDTRONIC PUERTO RICO OPERATIONS COMPANY
Defendant 5

SUMMONS

To the above named Defendant,
You are hereby notified that an action has been commenced against you in
this court.  If you wish to dispute the claim, you are required to file
your answer to the Petition with the court and serve a copy upon:

CYNTHIA J SHEPPEARD
WEATHERS RILEY & SHEPPEARD
4848 SW 21ST STREET STE 202
TOPEKA, KS  66604-4415
Attorney for Plaintiff 1


Within twenty-one (21) days of service upon you.  If you fail to do so,
judgment by default will be taken against you for the relief demanded in
the Petition.  Any related claim which you may have against the plaintiff
must be stated as a counter claim in your answer, or you will be barred
from making such claim in any other action.

Dated 9 June, 2011

```
-----------------------------
|          Official          |
| Seal of the District Court |
|   Shawnee County, Kansas   |
|    29 January  MDCCCLXI     |
-----------------------------
```

Angela M. Callahan
Clerk of the District Court


By NUBGXDIB24
Deputy Clerk


1116000828 PLT   PG 2

EXHIBIT
A

FILED BY CLERK
KS. DISTRICT COURT
THIRD JUDICIAL DIST.
TOPEKA, KS

2011 JUN -8 P 2: 58

## IN THE DISTRICT COURT OF SHAWNEE COUNTY, KANSAS

Alice Pontious )
)
    Plaintiff, )
)
    v. ) Case No. 11C683
)
Medtronic, Inc., Medtronic Diabetes, ) Division 7
Medtronic MiniMed, Inc, Medtronic USA, Inc., )
and Medtronic Puerto Rico Operations Company )
)
    and )
)
ConvaTec Inc., Unomedical, )
Unomedical Infusion Devices, )
and Unomedical, Inc. ) JURY TRIAL DEMANDED
)
    Defendants. )

## PETITION
Pursuant to Chapter 60 K.S.A.

COMES NOW Plaintiff, Alice Pontious, and for her cause of action against

Defendants, Medtronic, Inc., Medtronic Diabetes, Medtronic MiniMed, Inc., Medtronic

USA, Inc., Medtronic Puerto Rico Operations Company, and ConvaTec Inc., Unomedical,

Unomedical Infusion Devices, and Unomedical Inc., states and alleges the following:

### PARTIES

1.    Plaintiff, Alice Pontious, is and was at all times material to this matter a

resident and citizen of the State of Kansas, with a current home address of 2035 NE 74th St.,

Meriden, Shawnee County, Kansas, 66512.

WEATHERS, RILEY &
SHEPPEARD, LLP
4848 SW 21st Street
Suite 202
Topeka, Kansas
66604-4415
(785)273-2020

PONTIOUS PETITION

- 1

2.     Defendant Medtronic, Inc. ("Medtronic") is a corporation organized under the laws of Minnesota.  Medtronic routinely provides products for sale and use in Kansas and is registered to do business in Kansas.  Medtronic can be served through its registered agent for service of process, The Corporation Company, Inc., 112 SE 7th Street, Suite 3C, Topeka, Kansas 66603.

3.     Defendant Medtronic Diabetes ("Medtronic Diabetes") is a corporation organized under the laws of Minnesota.  Medtronic routinely provides products for sale and use in Kansas but is not registered to do business in Kansas.  Medtronic Diabetes can be served with process in accordance with K.S.A. 60-303, 60-304 and 60-308.

4.     Medtronic MiniMed Inc. ("MiniMed"), 18000 Devonshire Street, Northridge, CA 91325-1219, is a corporation organized under the laws of Delaware.  MiniMed routinely provides products for sale and use in Kansas but is not registered to do business in Kansas.  MiniMed can be served with process in accordance with K.S.A. 60-303, 60-304 and 60-308.

5.     Medtronic USA, Inc. ("Medtronic USA") is a corporation organized under the laws of Minnesota.  Medtronic USA routinely provides products for sale and use in Kansas, is registered to conduct business in Kansas and may be served through its registered agent The Corporation Company, Inc., 112 SW 7th Street, Suite 3C, Topeka, Kansas, 66603.

6.     Medtronic Puerto Rico Operations Company ("Medtronic PR") operates as a subsidiary of Medtronic, Inc., routinely provides products for sale and use in Kansas, and can be served through Medtronic Inc.'s registered agent for service of process in Kansas, The Corporation Company, Inc., 112 SE 7th Street, Suite 3C, Topeka, Kansas 66603.

7.     Defendant ConvaTec Inc. is a corporation organized under the laws of Delaware.  ConvaTec Inc. routinely provides products for sale and use in Kansas, is

- 2

WEATHERS, RILEY &
SHEPPEARD, LLP
4848 SW 21st Street
Suite 202
Topeka, Kansas
66604-4415
(785)273-2020

PONTIOUS PETITION

registered to do business in Kansas and may be served by serving its registered agent for service of process in Kansas, The Corporation Company, Inc., 112 SW 7th Street, Suite 3C, Topeka, Kansas, 66603.

8.    Defendant Unomedical operates as a subsidiary of ConvaTec Inc., routinely provides products for sale and use in Kansas, and can be served by serving ConvaTec Inc.'s registered agent for service of process in Kansas, The Corporation Company, Inc., 112 SW 7th Street, Suite 3C, Topeka, Kansas, 66603.

9.    Defendant Unomedical Infusion Devices operates as a subsidiary of ConvaTec Inc., routinely provides products for sale and use in Kansas, and can be served by serving ConvaTec Inc.'s registered agent for service of process in Kansas, The Corporation Company, Inc., 112 SW 7th Street, Suite 3C, Topeka, Kansas, 66603.

10.    Defendant Unomedical Inc., operates as a subsidiary of ConvaTec Inc., routinely provides products for sale and use in Kansas, and can be served by serving ConvaTec Inc.'s registered agent for service of process in Kansas, The Corporation Company, Inc., 112 SW 7th Street, Suite 3C, Topeka, Kansas, 66603.

11.    The products at issue in this matter are medical devices, a Medtronic MiniMed Paradigm Insulin Pump, MMT-722NAB, Serial No. PAR509097H and a Medtronic Quick-Set Paradigm Infusion Set, MMT-397, Lot 8200938, intended to be used with the Medtronic MiniMed Paradigm Insulin Pump.

12.    The Medtronic Defendants, which include Medtronic, Inc., Medtronic Diabetes, Medtronic MiniMed, Inc., Medtronic USA, Inc., and Medtronic Puerto Rico Operations Company, are and were at all times material to this matter responsible for the design, manufacture, assembly, branding, testing, inspection, marketing, distribution, and

WEATHERS, RILEY &
SHEPPEARD, LLP
4848 SW 21st Street
Suite 202
Topeka, Kansas
66604-4415
(785)273-2020

- 3

PONTIOUS PETITION

selling of a medical device known as the Medtronic MiniMed Paradigm insulin pump, MMT-722NAB that was marketed and sold in Kansas for use by consumers in Kansas, including Plaintiff.

13.     Defendants ConvaTec Inc., Unomedical, Unomedical Infusion Devices, and Unomedical, Inc., are and were at all times material to this matter, responsible for the design, manufacture, assembly, branding, testing, inspecting, packaging, marketing, distribution and selling of insulin infusion sets known as Medtronic Quick-Set Paradigm Infusion Sets, to be used with the Medtronic MiniMed insulin pump, and which were marketed and sold in Kansas for use by consumers in Kansas, including Plaintiff.

## JURISDICTION

14.     The products at issue in this matter are medical devices regularly distributed by the Defendants in Kansas for use by consumers in Kansas, including Plaintiff; therefore all of the Defendants are subject to the jurisdiction of this court pursuant to K.S.A. 60-308.

15.     To the extent that the doctrine of federal preemption might otherwise apply to the Defendants' Medtronic MiniMed Insulin Pump, preemption does not apply to the claims made herein, because, *inter alia*, the FDA determined the Medtronic MiniMed pump was misbranded and failed to comply with FDA standards, as stated in the FDA's June 1, 2009, Warning Letter to Medtronic, and such misbranding caused or contributed to cause Plaintiff's injuries and damages.

16.     Medtronic's misbranding of Medtronic MiniMed insulin pumps, including the one used by Plaintiff, is a violation of the Kansas Food, Drug and Cosmetic Act, K.S.A. 65-655, *et seq.*, including, but not limited to, K.S.A. 65-669, and such violation caused or contributed to cause Plaintiff's injuries and damages.

WEATHERS, RILEY &
SHEPPARD, LLP
4848 SW 21st Street
Suite 202
Topeka, Kansas
66604-4415
(785)273-2020

PONTIOUS PETITION

17.    This court has jurisdiction over the parties and the subject matter herein.

## VENUE

18.    Venue is proper in Shawnee County, Kansas, where Plaintiff resides, and where she purchased, used and was injured by the Defendants' medical devices.

## FACTS COMMON TO ALL CLAIMS

19.    Plaintiff, Alice Pontious, has diabetes and pursuant to a prescription by her health care provider, from March of 2008, through June, 2009, she used a Medtronic MiniMed Paradigm insulin pump, MMT-722NAB, Serial No. PAR509097H ("MiniMed pump").

20.    In June, 2009, pursuant to a prescription by her health care provider, Plaintiff was using Medtronic Quick-Set Infusion Sets, MMT-397, Lot 8200938 ("Quick-Set") with her Medtronic MiniMed pump.

21.    On June 10, 2009, Ms. Pontious required hospitalization for what was diagnosed as diabetic ketoacidosis ("DKA") that developed because her MiniMed pump and Quick-Set infusion set did not properly and effectively deliver insulin to her but the pump provided no notice or alarm to indicate to her that insulin delivery was impaired.

22.    According to the product package, the Quick-Set Infusion Set Ms. Pontious was using when she had to be hospitalized was manufactured by Unomedical, and was, "Distributed by: Medtronic MiniMed, Northridge, CA."

23.    The Medtronic Quick-Set Infusion Set, MMT-397, Lot 8200938 ("Lot 8") Plaintiff was using when she had to be hospitalized was included in Medtronic's July, 2009, recall of infusion sets.

WEATHERS, RILEY &
SHEPPEARD, LLP
4848 SW 21ˢᵗ Street
Suite 202
Topeka, Kansas
66604-4415
(785)273-2020

- 5 -

PONTIOUS PETITION

24.    Upon admission to a hospital emergency room on June 10, 2009, Ms. Pontious' blood glucose was 745 and she was so ill she experienced a very disturbing near death experience.

25.    She was admitted as an inpatient and after intravenous fluid and insulin were started, her glucose level began to drop and her condition improved.  However, she had complications from the DKA, including hypokalemia, hypophosphatemia, and a urinary tract infection, which required hospitalization.  She was allowed to go home on June 12, 2009.

26.    As a direct result of the DKA caused by the failure of her Medtronic MiniMed pump and Quick-Set infusion set, Ms. Pontious sustained and still suffers from medical, physical, psychological, and emotional injuries, some of which are likely to be permanent.

27.    The Quick-Set infusion set Ms. Pontious was using when she became ill was removed on June 11, 2009, while she was in the hospital.  The cannula, that portion of the infusion set that was inserted into her body through which insulin was to be infused to her system, was found to be bent and essentially closed.

28.    On March 2, 2004, Medtronic issued a Class I recall of infusion sets in which it admitted a bent cannula could impair delivery of insulin.  The March 2, 2004, Class I recall stated, "There have been complaints of bent cannulas, . . These problems have resulted in the interruption of insulin flow to the patients."

29.    Medtronic also admitted in its May 18, 2004, notice of the Class I recall of infusion sets, that interruption of insulin caused by the recalled sets had "resulted in a number of serious injuries, including some hospitalizations."

WEATHERS, RILEY &
SHEPPEARD, LLP
4848 SW 21st Street
Suite 202
Topeka, Kansas
66604-4415
(785)273-2020

PONTIOUS PETITION

30.    On June 1, 2009, the FDA sent a Warning Letter to Medtronic, Inc., in which it stated that on May 30, 2007, Medtronic received a complaint from a user who was hospitalized with DKA after his Paradigm insulin pump "failed to alarm when it stopped delivering insulin" while he was using infusion sets with bent cannulas.

31.    Thus, at least as early as 2007, Medtronic knew bent infusion set cannulas can impair insulin delivery, impaired insulin delivery can result in serious injuries and hospitalization, and the Medtronic MiniMed Insulin Pump, like the one used by Ms. Pontious, would not alarm if insulin delivery is impaired by a bent cannula .

32.    In the June 1, 2009, warning letter, the FDA reprimanded Medtronic for failing to timely report the 2007 bent cannula/DKA complaint to the FDA as a "serious injury." The FDA found the Medtronic MiniMed Insulin pump was misbranded because Medtronic failed to timely report a serious injury complaint, which complaint was factually similar to Plaintiff's adverse experience with the use of a Medtronic MiniMed Insulin pump.

33.    The infusion set Ms. Pontious was using when she was hospitalized was from Lot 8200938, which was a "Lot 8" for which Medtronic issued a Class I recall in July, 2009. Medtronic stopped shipping Lot 8 infusion sets on June 19, 2009, less than two weeks after Ms. Pontious was hospitalized.

34.    According to Medtronic's July 2009, recall notice, the recalled Lot 8 infusion sets could fail to vent properly, which would impair insulin delivery and cause serious injury. The 2009 Class I infusion set recall notice stated, "The affected infusion sets may not allow the insulin pump to vent air pressure properly. This could potentially result in the device delivering too much or too little insulin and may lead to serious injury or death."

WEATHERS, RILEY &
SHEPPEARD, LLP
4848 SW 21st Street
Suite 202
Topeka, Kansas
66604-4415
(785)273-2020

PONTIOUS PETITION

35.    According to the "Urgent Medical Device Recall" for the Lot 8 infusion sets which Medtronic sent to Ms. Pontious on July 7, 2009, insulin pumps like hers would have appeared to be working properly even if a recalled infusion set was causing interrupted insulin delivery. The "Urgent Medical Device Recall" Medtronic sent to Ms. Pontious on July 7, 2009, also said, "If the vent does not work properly, this could potentially result in too much or too little insulin being delivered and may lead to serious injury or death."

36.    The first time Medtronic provided Ms. Pontious with these warnings was not until July 7, 2009, almost a month after she was hospitalized on June 10, 2009.

37.    In addition to being part of a Lot 8 infusion set that was recalled in July, 2009, the cannula that was removed from Plaintiff's body while she was hospitalized in June, 2009. The cannula is the portion of the infusion set that is inserted into the user's body and through which insulin is to be infused into the user's system. Plaintiff's cannula was found to be bent and essentially blocked. The cannula was removed by an RN, who recorded the following: "Catheter was bent in half when removed."

38.    Ms. Pontious' hospital records state that her health care providers determined her DKA was caused by malfunctioning of her insulin pump and/or infusion set.

39.    Regardless of whether the bent cannula or blocked vents, or both, were the cause of the malfunction, the pump and infusion set improperly failed to provide Ms. Pontious with appropriate and effective insulin infusion which resulted in her hospitalization on June 10, 2009.

40.    The Medtronic MiniMed pump also improperly failed to provide Ms. Pontious with any notice or warning that it was not providing appropriate and effective insulin infusion, which resulted in her hospitalization on June 10, 2009.

WEATHERS, RILEY &
SHEPPEARD, LLP
4848 SW 21ˢᵗ Street
Suite 202
Topeka, Kansas
66604-4415
(785)273-2020

PONTIOUS PETITION

41. In June, 2009, Plaintiff was using her Medtronic MiniMed pump and Quick-Set infusion sets reasonably and as should have been expected and anticipated by the Defendants.

### COUNT I
### All Defendants
### Strict Liability

42. Plaintiff incorporates by reference all previous paragraphs of her Petition as though fully set forth herein.

43. The Defendants were the designers, manufacturers, assemblers, marketers, sellers and/or distributors of various medical devices, including a Medtronic MiniMed Paradigm insulin pump, MMT-722NAB, Serial No. PAR509097H, and its component parts, and the Medtronic Paradigm Quick-Set Infusion sets, for use by ultimate consumers, including Ms. Pontious, to administer insulin for the control of diabetes.

44. Pontious purchased and used a Medtronic MiniMed Paradigm insulin pump and Medtronic Quick-Set Infusion sets from the Defendants pursuant to a prescription by her health care provider.

45. When the Defendants' pump and infusion sets reached Plaintiff, they were in the original product packaging and were in substantially the same condition as when they left the control of the Defendants.

46. Defendants designed, manufactured, assembled, tested, inspected, packaged, marketed, distributed and sold the insulin pump and infusion sets, and/or their component parts, that Plaintiff was using in June, 2009.

WEATHERS, RILEY &
SHEPPEARD, LLP
4848 SW 21ˢᵗ Street
Suite 202
Topeka, Kansas
66604-4415
(785)273-2020

PONTIOUS PETITION

47.   The insulin pump and infusion sets, and their component parts, reached Plaintiff without substantial change in the condition they were in when they left the Defendants' control.

48.   The Medtronic MiniMed insulin pump and the Quick-Set infusion sets, and/or their component parts, were defective and unreasonably dangerous when they were placed into the stream of commerce by the Defendants.

49.   The pump and infusion sets were defective and unreasonably dangerous because they were intended to provide proper amounts of insulin to Plaintiff but failed to do so and failed to alert her to such failure, which caused or contributed to cause Plaintiff's injuries and damages.

50.   The Medtronic MiniMed Paradigm Insulin Pump was defective and unreasonably dangerous because, *inter alia*, it was misbranded due to Defendants' failure to timely report information that reasonably suggested that the device (1) may have caused or contributed to a death or serious injury; or (2) had malfunctioned and would be likely to cause or contribute to a death or serious injury if the malfunction were to recur, as required by 21 CFR 803.50(a), which caused or contributed to cause Plaintiff's injuries and damages.

51.   The Medtronic MiniMed Paradigm Insulin Pump was defective and unreasonably dangerous because, *inter alia*, it was misbranded, in violation of the Kansas Food, Drug and Cosmetic Act, K.S.A. 65-655, *et seq.*, including, but not limited to, K.S.A. 65-669, which caused or contributed to cause Plaintiff's injuries and damages.

52.   The Medtronic MiniMed insulin pump and the Quick-Set infusion sets were defective because they were intended to effectively provide proper amounts of insulin to Plaintiff but failed to do so, which caused Plaintiff's injuries and damages.

WEATHERS, RILEY &
SHEPPEARD, LLP
4848 SW 21ˢᵗ Street
Suite 202
Topeka, Kansas
66604-4415
(785)273-2020

PONTIOUS PETITION

53.    The Medtronic MiniMed insulin pump and the Quick-Set infusion sets were defective because they were intended to effectively provide proper amounts of insulin to Plaintiff but failed to do so and did not alert Plaintiff to such failure, which caused or contributed to cause Plaintiff's injuries and damages.

54.    Plaintiff was using her Medtronic pump and Quick-Set infusion sets reasonably and as should have been expected and anticipated by the Defendants.

55.    The pump and infusion sets were defective and unreasonably dangerous because of faulty design, parts, manufacture, assembly, testing, inspection, packaging, or marketing, and because of misbranding, which defects caused or contributed to cause Plaintiff's injuries and damages as set out herein.

### A.    Marketing Defect, Failure to Warn

56.    The risk that incorrect amounts of insulin might be delivered by the MiniMed pump and/or Quick-Set infusion sets was a risk of harm inherent in the devices, or that might arise from the intended or reasonably anticipated use of the devices.

57.    Defendants either knew, or reasonably should have known or foreseen, the risks of such harm at the time they marketed the devices.

58.    Defendants failed to warn, or to timely and/or adequately warn, of such danger, or failed to give instruction, or adequate instruction, on how to avoid such danger.

59.    The Defendants' Medtronic insulin pump and Quick-Set infusion sets were unreasonably dangerous as marketed because they were dangerous to a degree beyond that which would be expected or known by the ordinary consumer.

WEATHERS, RILEY &
SHEPPEARD, LLP
4848 SW 21ˢᵗ Street
Suite 202
Topeka, Kansas
66604-4415
(785)273-2020

- 11 -

PONTIOUS PETITION

### B.    Design Defect

60.    The design of the Defendants' insulin pump and infusion sets made them unreasonably dangerous, taking into consideration the utility of the devices and the risk involved in their use.

61.    There was a safer alternative design other than the ones used, which in reasonable probability:

a.    would have prevented or significantly reduced the risk of incorrect amounts of insulin being administered and causing personal physical injury or physical sickness, which would not have impaired the utility of the devices; and

b.    that was economically and technologically feasible at the time the devices left Defendants' control by the application of existing or reasonably achievable scientific knowledge.

### C.    Manufacturing or Assembly Defect

62.    The MiniMed insulin pump and Quick-Set infusion sets deviate in manufacture, assembly, construction or quality, from the applicable specifications or designs in a way that made them unreasonably dangerous.

63.    The devices were unreasonably dangerous as manufactured and/or assembled because they were dangerous to a degree beyond that which would be expected or known by the ordinary consumer.

64.    The foregoing defects, individually or in combination, caused, or contributed to cause Plaintiff's injuries and damages as set out herein.

### COUNT II
### All Defendants
### Breach of Express Warranty

65.    Plaintiff incorporates by reference all previous paragraphs of her Petition as though fully set forth herein.

WEATHERS, RILEY &
SHEPPEARD, LLP
4848 SW 21st Street
Suite 202
Topeka, Kansas
66604-4415
(785)273-2020

PONTIOUS PETITION

- 12 -

66.    At all time material herein, Defendants expressly represented and warranted to both healthcare providers and to the ultimate consumer users of their medical devices, including Plaintiff, that the Medtronic MiniMed insulin pump the Medtronic Quick-Set infusion sets, including their component parts, would safely and effectively deliver proper doses of insulin to the consumer user for the control of diabetes, including Plaintiff.

67.    Prior to Plaintiff purchasing the pump and infusion sets, as alleged herein, Defendants induced Plaintiff's purchases of said devices by expressly warranting or representing directly to Plaintiff, as well as to her physicians and/or other health care providers, that the devices, and their component parts, would safely and effectively provide her with appropriate doses of insulin .

68.    In purchasing the Defendants' insulin pump and infusion sets, Plaintiff relied on the skill and judgment of the Defendants and on the Defendants' express warranties and representations as described herein.  Such warranties and representations formed a part of the basis upon which Plaintiff selected and purchased the MiniMed pump and Quick-Set infusion sets, and their component parts.

69.    Defendants breached the express warranty by designing, manufacturing and marketing defective devices, which, in fact, failed to properly and effectively deliver insulin to Plaintiff.

70.    Defendants' breach of express warranties caused or contributed to cause Plaintiff's injuries and damages as set out herein.

WEATHERS, RILEY &
SHEPPEARD, LLP
4848 SW 21ˢᵗ Street
Suite 202
Topeka, Kansas
66604-4415
(785)273-2020

- 13

PONTIOUS PETITION

**COUNT III**
**All Defendants**
**Breach of Implied Warranty of Fitness for a Particular Purpose**

71.    Plaintiff incorporates by reference all previous paragraphs of her Petition as though fully set forth herein.

72.    Defendants knew or reasonably should have known the particular purpose for which Plaintiff purchased the MiniMed pump and Quick-Set infusion sets, and their component parts, because the sole purpose for which Defendants designed, manufactured, assembled, distributed and/or sold these particular devices was to provide appropriate and effective infusion of insulin into the ultimate consumer user's body to control diabetes, including Plaintiff.

73.    Defendants impliedly warranted that the Medtronic MiniMed insulin pump and the Medtronic Quick-Set infusion sets, and their component parts, were fit for the purpose for which they were designed and manufactured and that they were, in fact, suitable for the use made of them by Plaintiff.

74.    In purchasing and using such medical devices, Plaintiff relied on Defendants' skill and judgment and the implied warranty of fitness for a particular purpose for which Plaintiff purchased the pump and infusion sets.

75.    The MiniMed insulin pump and Quick-Set infusion sets were not fit for use for their intended purpose because, either separately or in combination, they caused the infusion of incorrect and ineffective doses of insulin, as experienced by Plaintiff.

76.    Defendants' breach of the implied warranty of fitness for a particular purpose caused or contributed to cause Plaintiff's injuries and damages as set out herein.

WEATHERS, RILEY &
SHEPPEARD, LLP
4848 SW 21ˢᵗ Street
Suite 202
Topeka, Kansas
66604-4415
(785)273-2020

PONTIOUS PETITION

## COUNT IV
### All Defendants
### Breach of Implied Warranty of Merchantability

77.    Plaintiff incorporates by reference all previous paragraphs of her Petition as though fully set forth herein.

78.    Defendants impliedly warranted that the Medtronic MiniMed insulin pump and Medtronic Quick-Set infusion sets, and their component parts, were of merchantable quality, fit, safe and in proper condition for the ordinary use for which said medical devices are designed, manufactured, assembled, marketed and used.

79.    The Defendants' insulin pump, infusion sets, and their component parts, purchased and used by Plaintiff were not merchantable in that, among other things, either in combination or separately they failed to provide appropriate and effective doses of insulin into Plaintiff's body and failed to provide any indication or warning of such failure.  For these reasons, among others, the Defendants' medical devices were unfit for ordinary purposes because they were unreasonably dangerous.

80.    Defendants' breach of the implied warranty of merchantability caused or contributed to cause Plaintiff's injuries and damages, as set forth herein.

## COUNT V
### All Defendants
### Negligence

81.    Plaintiff incorporates by reference all previous paragraphs of her Petition as though fully set forth herein.

82.    At all times material herein, Defendants were engaged in the design, manufacture, assembly, warning, branding, testing, inspecting, packaging, distribution, and sale of medical devices intended to be used to infuse appropriate and effective doses of

WEATHERS, RILEY &
SHEPPEARD, LLP
4848 SW 21st Street
Suite 202
Topeka, Kansas
66604-4415
(785)273-2020

PONTIOUS PETITION.

insulin into the bodies of patients with diabetes, including Plaintiff. Defendants marketed and sold these medical devices to various physicians and other health care providers and directly to the ultimate consumer users, including Plaintiff.

83.    Defendants owed Plaintiff and the public a duty to use reasonable care in the design, manufacture, assembly, warning, branding, testing, inspecting, packaging, distribution and sale of the MiniMed insulin pump and Quick-Set infusion sets, and their component parts.

84.    Defendants were negligent in the design, manufacture, assembly, warning, branding, testing, inspecting, packaging, and marketing of the MiniMed insulin pump, the Quick-Set infusion sets, and their component parts, in one or more the following respects, among others:

a.    In designing, manufacturing, assembling, testing, inspecting, or packaging the Medtronic MiniMed insulin pump and/or the Medtronic Quick-Set infusion sets, and their component parts in a manner that caused or allowed the devices to fail to provide appropriate and effective doses of insulin to be infused into intended consumer users, including Plaintiff.

b.    In designing, manufacturing, assembling, testing, inspecting, or packaging the Medtronic MiniMed insulin pump and/or the Medtronic Quick-Set infusion sets, and their component parts in a manner that caused or allowed the devices to fail to vent properly resulting in inappropriate and ineffective doses of insulin to be infused into intended consumer users, including Plaintiff.

c.    In designing, manufacturing, assembling, testing, or inspecting the Medtronic MiniMed insulin pump, and its component parts, in a manner that allowed the pump to fail to provide any notice or alarm if and when it failed to provide appropriate and effective doses of insulin to be infused into intended consumer users, including Plaintiff.

d.    In misbranding the Medtronic MiniMed Insulin pump by failing to timely report to the FDA information that reasonably suggested that the device (1) may have caused or contributed to a death or serious injury; or (2) had malfunctioned and this device or a similar device marketed by Medtronic would be likely to cause or

WEATHERS, RILEY &
SHEPPEARD, LLP
4848 SW 21ˢᵗ Street
Suite 202
Topeka, Kansas
66604-4415
(785)273-2020

- 16 -

PONTIOUS PETITION

contribute to a death or serious injury, if the malfunction were to recur, as required by 21 CFR 803.50(a).

e.     In failing to comply with the standards set by the FDA for the design, manufacture, assembly, marketing, branding, distribution, and reporting for the Medtronic MiniMed insulin pump and/or Medronic Quick-Set infusion sets.

f.     In misbranding the Medtronic MiniMed Insulin pump and/or Quick-Set infusion sets in violation of K.S.A. 65-655, et. seq, including specifically, but not limited to, K.S.A. 65-669.

g.     In failing to adequately test and inspect the MiniMed insulin pump, the Quick-Set infusion sets and their component parts.

h.     In failing to properly market the MiniMed insulin pump and the Quick-Set infusion sets, and their component parts.

i.     In failing to provide Plaintiff or her health care providers with adequate warnings, information, or both, of the risks and hazards of the medical devices and their component parts.

j.     In failing to provide Plaintiff or her health care providers with reasonable and proper instruction and directions to enable Plaintiff to accurately and safely use the MiniMed insulin pump and the Quick-Set infusion sets.

k.     In delivering the MiniMed insulin pump and Quick-Set infusion sets to health care providers and directly to consumer users such as Plaintiff, without sufficient personal training and instruction for using the devices.

85.     The design, manufacture, assembly, testing, inspecting, packaging, marketing and function of the Medtronic MiniMed insulin pump and Quick-Set infusion sets were within the exclusive control of the Defendants.

86.     The specific facts concerning the design, manufacture, assembly, testing, inspecting, packaging, marketing, and function of the Medtronic MiniMed insulin pump and Quick-Set infusion sets are particularly within the knowledge of Defendants, and Plaintiff has no means of determining the method or manner in which the pump, the infusion sets, and their component parts were designed, manufactured, assembled, or marketed.

WEATHERS, RILEY &
SHEPPEARD, LLP
4848 SW 21st Street
Suite 202
Topeka, Kansas
66604-4415
(785)273-2020

- 17 -

PONTIOUS PETITION

87. The medical devices designed, produced and marketed by Defendants came into Plaintiff's possession in the same condition they were in when they left the control of the Defendants.

88. In the ordinary course of events, the occurrences that caused harm to Plaintiff, as described herein, would not have occurred absent negligence on the part of the Defendants, which, under the doctrine of *res ipsa loquitur*, permits a finder of fact to infer negligence on the part of the Defendants.

89. The negligent acts and omissions of Defendants, whether individually or in any combination, caused or contributed to cause Plaintiff's injuries and damages as set forth herein.

## DAMAGES

90. Plaintiff incorporates by reference all previous paragraphs of her Petition as though fully set forth herein.

91. As a direct result of the defects and failure of the Medtronic MiniMed pump or Medtronic Quick-Set infusion set, or both, which were caused by the acts and omissions of the Defendants, as set out herein, Plaintiff has sustained physical and emotional pain and suffering to date that will continue in the future and which is permanent, has sustained economic losses including lost income and past medical and psychological expenses, medical and psychological expenses expected to be incurred for future medical evaluations and treatment, and potential future loss of income due to ongoing psychological problems, and her damages are in excess of $75,000.00.

WHEREFORE, Plaintiff Alice Pontious, prays for judgment against Medtronic, Inc., Medtronic Diabetes, Medtronic MiniMed, Inc., Medtronic USA, Inc., Medtronic Puerto Rico

WEATHERS, RILEY &
SHEPPEARD, LLP
4848 SW 21st Street
Suite 202
Topeka, Kansas
66604-4415
(785)273-2020

PONTIOUS PETITION

Operations Company, ConvaTec Inc., Unomedical, Unomedical Infusion Devices, and Unomedical Inc., individually and collectively, in excess of $75,000.00 for the injuries and non-economic and economic damages caused to her by Defendants' Medtronic MiniMed Insulin Pump and/or Medtronic Quick-Set insulin infusion sets, or their component parts, and for her costs for this action and any other and further relief the Court deems just and equitable.

Submitted by:

Cynthia J. Sheppeard, KS Bar #12039
WEATHERS, RILEY & SHEPPEARD, LLP
4848 SW 21st Street, Suite 202
Topeka, KS 66604-4415
(785) 273-2020 - Telephone
(785) 273-4662 - Telefax
CJS@WRSLAW.NET
ATTORNEYS FOR PLAINTIFF

## DEMAND FOR JURY TRIAL BY TWELVE

Plaintiff herein hereby demands trial by a jury of twelve (12) in Topeka, Kansas.

Cynthia J. Sheppeard, KS Bar #12039
WEATHERS, RILEY & SHEPPEARD, LLP
4848 SW 21st Street, Suite 202
Topeka, KS 66604-4415
(785) 273-2020 - Telephone
(785) 273-4662 - Telefax
CJS@WRSLAW.NET
ATTORNEYS FOR PLAINTIFF

WEATHERS, RILEY &
SHEPPEARD, LLP
4848 SW 21st Street
Suite 202
Topeka, Kansas
66604-4415
(785)273-2020

PONTIOUS PETITION

- 19



2011 JUL -1 A 8: 49

## IN THE DISTRICT COURT OF SHAWNEE COUNTY, KANSAS

| | | |
|---|---|---|
| Alice Pontious | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | Case No.  11 C 683 |
| | ) | |
| Medtronic, Inc., Medtronic Diabetes, | ) | Division 7 |
| Medtronic MiniMed, Inc, Medtronic USA, Inc., | ) | |
| and Medtronic Puerto Rico Operations Company | ) | |
| | ) | |
|    and | ) | |
| | ) | |
| ConvaTec Inc., Unomedical, | ) | |
| Unomedical Infusion Devices, | ) | |
| and Unomedical, Inc. | ) | JURY TRIAL DEMANDED |
| | ) | |
|     Defendants. | ) | |

### AMENDED PETITION
Pursuant to Chapter 60 K.S.A.

COMES NOW Plaintiff, Alice Pontious, and for her Amended Petition against

Defendants, Medtronic, Inc., Medtronic Diabetes, Medtronic MiniMed, Inc., Medtronic

USA, Inc., Medtronic Puerto Rico Operations Company, and ConvaTec Inc., Unomedical,

Unomedical Infusion Devices, and Unomedical Inc., states and alleges the following:

### PARTIES

1.    Plaintiff, Alice Pontious, is and was at all times material to this matter a

resident and citizen of the State of Kansas, with a current home address of 2035 NE 74th St.,

Meriden, Shawnee County, Kansas, 66512.

WEATHERS, RILEY &
SHEPPEARD, LLP
4348 SW 21st Street
Suite 202
Topeka, Kansas
66604-4415
(785)273-2020

- 1 -

PONTIOUS AMENDED PETITION

2.    Defendant Medtronic, Inc. ("Medtronic") is a corporation organized under the laws of Minnesota. Medtronic routinely provides products for sale and use in Kansas and is registered to do business in Kansas. Medtronic can be served through its registered agent for service of process, The Corporation Company, Inc., 112 SE 7th Street, Suite 3C, Topeka, Kansas 66603.

3.    Defendant Medtronic Diabetes ("Medtronic Diabetes") is a corporation organized under the laws of Minnesota. Medtronic routinely provides products for sale and use in Kansas but is not registered to do business in Kansas. Medtronic Diabetes can be served with process in accordance with K.S.A. §§ 60-303, 60-304 and 60-308.

4.    Medtronic MiniMed Inc. ("MiniMed"), 18000 Devonshire Street, Northridge, CA 91325-1219, is a corporation organized under the laws of Delaware. MiniMed routinely provides products for sale and use in Kansas but is not registered to do business in Kansas. MiniMed can be served with process through its registered agent for service of process in Delaware, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE, 19801.

5.    Medtronic USA, Inc. ("Medtronic USA") is a corporation organized under the laws of Minnesota. Medtronic USA routinely provides products for sale and use in Kansas, is registered to conduct business in Kansas and may be served through its registered agent The Corporation Company, Inc., 112 SW 7th Street, Suite 3C, Topeka, Kansas, 66603.

6.    Medtronic Puerto Rico Operations Company ("Medtronic PR") operates as a subsidiary of Medtronic, Inc., routinely provides products for sale and use in Kansas, and can be served with process in accordance with K.S.A. §§ 60-303, 60-304 and 60-308.

WEATHERS, RILEY &
SHEPPEARD, LLP
4545 SW 21st Street
Suite 202
Topeka, Kansas
66604-4415
(785)273-2020

PONTIOUS AMENDED PETITION

7.    Defendant ConvaTec Inc. is a corporation organized under the laws of Delaware. ConvaTec Inc. routinely provides products for sale and use in Kansas, is registered to do business in Kansas and may be served by serving its registered agent for service of process in Kansas, The Corporation Company, Inc., 112 SW 7th Street, Suite 3C, Topeka, Kansas, 66603.

8.    Defendant Unomedical operates as a subsidiary of ConvaTec Inc., routinely provides products for sale and use in Kansas, and can be served with process in accordance with K.S.A. §§ 60-303, 60-304 and 60-308.

9.    Defendant Unomedical Infusion Devices operates as a subsidiary of ConvaTec Inc., routinely provides products for sale and use in Kansas, and can be served with process in accordance with K.S.A. §§ 60-303, 60-304 and 60-308.

10.    Defendant Unomedical, Inc. is a corporation organized under the laws of Delaware. Unomedical, Inc., routinely provides products for sale and use in Kansas and can be served by serving its registered agent for service of process in Delaware, Incorp Services, Inc., One Commerce Center 1201 Orange St. #600, Wilmington, DE 19899.

11.    The products at issue in this matter are medical devices, a Medtronic MiniMed Paradigm Insulin Pump, MMT-722NAB, Serial No. PAR509097H and a Medtronic Quick-Set Paradigm Infusion Set, MMT-397, Lot 8200938, intended to be used with the Medtronic MiniMed Paradigm Insulin Pump.

12.    The Medtronic Defendants, which include Medtronic, Inc., Medtronic Diabetes, Medtronic MiniMed, Inc., Medtronic USA, Inc., and Medtronic Puerto Rico Operations Company, are and were at all times material to this matter responsible for the design, manufacture, assembly, branding, testing, inspection, marketing, distribution, and

WEATHERS, RILEY &
SHEPPEARD, LLP
4848 SW 21st Street
Suite 202
Topeka, Kansas
66604-4415
(785)273-2020

- 3 -

PONTIOUS AMENDED PETITION

selling of a medical device known as the Medtronic MiniMed Paradigm insulin pump, MMT-722NAB that was marketed and sold in Kansas for use by consumers in Kansas, including Plaintiff.

13.    Defendants ConvaTec Inc., Unomedical, Unomedical Infusion Devices, and Unomedical, Inc., are and were at all times material to this matter, responsible for the design, manufacture, assembly, branding, testing, inspecting, packaging, marketing, distribution and selling of insulin infusion sets known as Medtronic Quick-Set Paradigm Infusion Sets, to be used with the Medtronic MiniMed insulin pump, and which were marketed and sold in Kansas for use by consumers in Kansas, including Plaintiff.

## JURISDICTION

14.    The products at issue in this matter are medical devices regularly distributed by the Defendants in Kansas for use by consumers in Kansas, including Plaintiff; therefore all of the Defendants are subject to the jurisdiction of this court pursuant to K.S.A. § 60-308.

15.    To the extent that the doctrine of federal preemption might otherwise apply to the Defendants' Medtronic MiniMed Insulin Pump, preemption does not apply to the claims made herein, because, *inter alia*, the FDA determined the Medtronic MiniMed pump was misbranded and failed to comply with FDA standards, as stated in the FDA's June 1, 2009, Warning Letter to Medtronic, and such misbranding caused or contributed to cause Plaintiff's injuries and damages.

16.    Medtronic's misbranding of Medtronic MiniMed insulin pumps, including the one used by Plaintiff, is a violation of the Kansas Food, Drug and Cosmetic Act, K.S.A. § 65-655, *et seq.*, including, but not limited to, K.S.A. § 65-669, and such violation caused or contributed to cause Plaintiff's injuries and damages.

WEATHERS, RILEY &
SHEPPEARD, LLP
4848 SW 21st Street
Suite 202
Topeka, Kansas
66604-4415
(785)273-2020

- 4 -

PONTIOUS AMENDED PETITION

17.    Medtronic's misbranding of Medtronic MiniMed insulin pumps, including the one used by Plaintiff, is a violation of the Kansas Product Liability Act, K.S.A. § 60-3301, *et. seq.*, including, but not limited to, K.S.A. § 60-3304(b), and such violation caused or contributed to cause Plaintiff's injuries and damages.

18.    Medtronic's misbranding of Medtronic MiniMed insulin pumps, including the one used by Plaintiff, is a violation of the Kansas Consumer Protection Act, K.S.A. § 50-623, *et seq.*, including but not limited to K.S.A. § 50-626(b)(3), and such violation caused or contributed to cause Plaintiff's injuries and damages.

19.    This court has jurisdiction over the parties and the subject matter herein.

## VENUE

20.    Venue is proper in Shawnee County, Kansas, where Plaintiff resides, and where she purchased, used, and was injured by the Defendants' medical devices.

## FACTS COMMON TO ALL CLAIMS

21.    Plaintiff, Alice Pontious, has diabetes and pursuant to a prescription by her health care provider, from March 2008, through June 2009, she used a Medtronic MiniMed Paradigm insulin pump, MMT-722NAB, Serial No. PAR509097H ("MiniMed pump").

22.    In June 2009, pursuant to a prescription by her health care provider, Plaintiff was using Medtronic Quick-Set Infusion Sets, MMT-397, Lot 8200938 ("Quick-Set") with her Medtronic MiniMed pump.

23.    On June 10, 2009, Ms. Pontious required hospitalization for what was diagnosed as diabetic ketoacidosis ("DKA") that developed because her MiniMed pump and Quick-Set infusion set did not properly and effectively deliver insulin to her and the pump provided no notice or alarm to indicate to her that insulin delivery was impaired.

WEATHERS, RILEY &
SHEPPEARD, LLP
4848 SW 21st Street
Suite 202
Topeka, Kansas
66604-4415
(785)273-2020

PONTIOUS AMENDED PETITION

24.    According to the product package, the Quick-Set Infusion Set Ms. Pontious was using when she had to be hospitalized was manufactured by Unomedical, and was, "Distributed by: Medtronic MiniMed, Northridge, CA."

25.    The Medtronic Quick-Set Infusion Set, MMT-397, Lot 8200938 ("Lot 8") Plaintiff was using when she had to be hospitalized was included in Medtronic's July, 2009, recall of infusion sets.

26.    Upon admission to a hospital emergency room on June 10, 2009, Ms. Pontious' blood glucose was 745 and she was so ill she experienced a very disturbing near death experience.

27.    She was admitted as an inpatient and after intravenous fluid and insulin were started, her glucose level began to drop and her condition improved. However, she had complications from the DKA, including hypokalemia, hypophosphatemia, and a urinary tract infection, which required hospitalization. She was allowed to go home on June 12, 2009.

28.    As a direct result of the DKA caused by the failure of her Medtronic MiniMed pump and Quick-Set infusion set, Ms. Pontious sustained and still suffers from medical, physical, psychological, and emotional injuries, some of which are likely to be permanent.

29.    The Quick-Set infusion set Ms. Pontious was using when she became ill was removed on June 11, 2009, while she was in the hospital. The cannula, the portion of the infusion set that was inserted into her body through which insulin was to be infused to her system, was found to be bent and essentially closed.

30.    On March 2, 2004, Medtronic issued a Class I recall of infusion sets in which it admitted a bent cannula could impair delivery of insulin. The March 2, 2004, Class I

WEATHERS, RILEY &
SHEPPARD, LLP
4848 SW 21st Street
Suite 202
Topeka, Kansas
66604-4415
(785)272-2020

- 6 -

PONTIOUS AMENDED PETITION

recall stated, "There have been complaints of bent cannulas...These problems have resulted in the interruption of insulin flow to the patients."

31.    Medtronic also admitted in its May 18, 2004, notice of the Class I recall of infusion sets, that interruption of insulin caused by the recalled sets had "resulted in a number of serious injuries, including some hospitalizations."

32.    On June 1, 2009, the FDA sent a Warning Letter to Medtronic, Inc., in which it stated that on May 30, 2007, Medtronic received a complaint from a user who was hospitalized with DKA after his Paradigm insulin pump "failed to alarm when it stopped delivering insulin" while he was using infusion sets with bent cannulas.

33.    Thus, at least as early as 2007, Medtronic knew bent infusion set cannulas can impair insulin delivery, impaired insulin delivery can result in serious injuries and hospitalization, and the Medtronic MiniMed Insulin Pump, like the one used by Ms. Pontious, would not alarm if insulin delivery is impaired by a bent cannula .

34.    In the June 1, 2009, warning letter, the FDA reprimanded Medtronic for failing to timely report the 2007 bent cannula/DKA complaint to the FDA as a "serious injury." The FDA found the Medtronic MiniMed Insulin pump was misbranded because Medtronic failed to timely report a serious injury complaint, which complaint was factually similar to Plaintiff's adverse experience with the use of a Medtronic MiniMed Insulin pump.

35.    The infusion set Ms. Pontious was using when she was hospitalized was from Lot 8200938, which was a "Lot 8" for which Medtronic issued a Class I recall in July, 2009. Medtronic stopped shipping Lot 8 infusion sets on June 19, 2009, less than two weeks after Ms. Pontious was hospitalized.

WEATHERS, RILEY &
SHEPPEARD, LLP
4848 SW 21ˢᵗ Street
Suite 202
Topeka, Kansas
66604-4415
(785)273-2020

PONTIOUS AMENDED PETITION

36.    According to Medtronic's July 2009, recall notice, the recalled Lot 8 infusion sets could fail to vent properly, which would impair insulin delivery and cause serious injury. The 2009 Class I infusion set recall notice stated, "The affected infusion sets may not allow the insulin pump to vent air pressure properly. This could potentially result in the device delivering too much or too little insulin and may lead to serious injury or death."

37.    According to the "Urgent Medical Device Recall" for the Lot 8 infusion sets which Medtronic sent to Ms. Pontious on July 7, 2009, insulin pumps like hers would have appeared to be working properly even if a recalled infusion set was causing interrupted insulin delivery. The "Urgent Medical Device Recall" Medtronic sent to Ms. Pontious on July 7, 2009, also said, "If the vent does not work properly, this could potentially result in too much or too little insulin being delivered and may lead to serious injury or death."

38.    The first time Medtronic provided Ms. Pontious with these warnings was not until July 7, 2009, almost a month after she was hospitalized on June 10, 2009.

39.    In addition to being part of a Lot 8 infusion set that was recalled in July, 2009, the cannula that was removed from Plaintiff's body while she was hospitalized in June, 2009, was found to be bent and essentially blocked. The cannula is the portion of the infusion set that is inserted into the user's body and through which insulin is to be infused into the user's system. The cannula was removed by an RN, who recorded the following: "Catheter was bent in half when removed."

40.    Ms. Pontious' hospital records state that her health care providers determined her DKA was caused by malfunctioning of her insulin pump and/or infusion set.

41.    Regardless of whether the bent cannula or inadequate venting, or both, were the cause of the malfunction, the pump and infusion set improperly failed to provide Ms.

WEATHERS, RILEY &
SHEPPEARD, LLP
4848 SW 21st Street
Suite 202
Topeka, Kansas
66604-4415
(785)273-3020

PONTIOUS AMENDED PETITION

Pontious with appropriate and effective insulin infusion which resulted in her hospitalization on June 10, 2009.

42.    The Medtronic MiniMed pump also improperly failed to provide Ms. Pontious with any notice or warning that it was not providing appropriate and effective insulin infusion, which resulted in her hospitalization on June 10, 2009.

43.    In June, 2009, Plaintiff was using her Medtronic MiniMed pump and Quick-Set infusion sets reasonably and as should have been expected and anticipated by the Defendants.

### COUNT I
### All Defendants
### Strict Liability

44.    Plaintiff incorporates by reference all previous paragraphs of her Petition as though fully set forth herein.

45.    The Defendants were the designers, manufacturers, assemblers, marketers, sellers and/or distributors of various medical devices, including a Medtronic MiniMed Paradigm insulin pump, MMT-722NAB, Serial No. PAR509097H, and its component parts, and the Medtronic Paradigm Quick-Set Infusion sets for use by ultimate consumers, including Ms. Pontious, to administer insulin for the control of diabetes.

46.    Pontious purchased and used a Medtronic MiniMed Paradigm insulin pump and Medtronic Quick-Set Infusion sets from the Defendants pursuant to a prescription by her health care provider.

47.    When the Defendants' pump and infusion sets reached Plaintiff, they were in the original product packaging and were in substantially the same condition as when they left the control of the Defendants.

WEATHERS, RILEY &
SHEPPLARD, LLP
4848 SW 21ˢᵗ Street
Suite 202
Topeka, Kansas
66604-4415
(785)273-2020

-9-

PONTIOUS AMENDED PETITION

48.    Defendants designed, manufactured, assembled, tested, inspected, packaged, marketed, distributed and sold the insulin pump and infusion sets, and/or their component parts, that Plaintiff was using in June, 2009.

49.    The insulin pump and infusion sets, and their component parts, reached Plaintiff without substantial change in the condition they were in when they left the Defendants' control.

50.    The Medtronic MiniMed insulin pump and the Quick-Set infusion sets, and/or their component parts, were defective and unreasonably dangerous when they were placed into the stream of commerce by the Defendants.

51.    The pump and infusion sets were defective and unreasonably dangerous because they were intended to provide proper amounts of insulin to Plaintiff but failed to do so — and failed to alert her to such failure — which caused, or contributed to cause, Plaintiff's injuries and damages.

52.    The Medtronic MiniMed Paradigm Insulin Pump was defective and unreasonably dangerous because, *inter alia*, it was misbranded due to Defendants' failure to timely report information that reasonably suggested that the device (1) may have caused or contributed to a death or serious injury; or (2) had malfunctioned and would be likely to cause or contribute to a death or serious injury if the malfunction were to recur, as required by 21 C.F.R. § 803.50(a), and said misbranding caused or contributed to cause Plaintiff's injuries and damages.

53.    The Medtronic MiniMed Paradigm Insulin Pump was defective and unreasonably dangerous because, *inter alia*, it was misbranded, in violation of the Kansas

WEATHERS, RILEY &
SHEPPEARD, LLP
4848 SW 21st Street
Suite 202
Topeka, Kansas
66604-4415
(785)273-2020

- 10 -

PONTIOUS AMENDED PETITION

Food, Drug and Cosmetic Act, K.S.A. 65-655, *et seq.*, including, but not limited to, K.S.A. § 65-669, which caused or contributed to cause Plaintiff's injuries and damages.

54.     The Medtronic MiniMed insulin pump and the Quick-Set infusion sets were defective because they were intended to effectively provide proper amounts of insulin to Plaintiff but failed to do so, which caused Plaintiff's injuries and damages.

55.     The Medtronic MiniMed insulin pump and the Quick-Set infusion sets were defective because they were intended to effectively provide proper amounts of insulin to Plaintiff but failed to do so and did not alert Plaintiff to such failure, which caused or contributed to cause Plaintiff's injuries and damages.

56.     Plaintiff was using her Medtronic pump and Quick-Set infusion sets reasonably and as should have been expected and anticipated by the Defendants.

57.     The pump and infusion sets were defective and unreasonably dangerous because of faulty design, parts, manufacture, assembly, testing, inspection, packaging, or marketing, and because of misbranding, which defects caused or contributed to cause Plaintiff's injuries and damages as set out herein.

### A.    Marketing Defect, Failure to Warn

58.     The risk that incorrect amounts of insulin might be delivered by the MiniMed pump and/or Quick-Set infusion set used by Plaintiff was a risk of harm inherent in the devices, or that might arise from the intended or reasonably anticipated use of the devices.

59.     Defendants either knew, or reasonably should have known or foreseen, the risks of such harm at the time they marketed the devices.

60.     Defendants failed to warn, or to timely and/or adequately warn, of such danger, or failed to give instruction, or adequate instruction, on how to avoid such danger.

WEATHERS, RILEY &
SHEPPEARD, LLP
4848 SW 21st Street
Suite 202
Topeka, Kansas
66604-4415
(785)273-2020

- 11 -

PONTIOUS AMENDED PETITION

61.    The Defendants' Medtronic insulin pump and Quick-Set infusion sets were unreasonably dangerous as marketed because they were dangerous to a degree beyond that which would be expected or known by the ordinary consumer.

### B.    Design Defect

62.    The design of the Defendants' insulin pump and infusion sets used by Plaintiff made them unreasonably dangerous, taking into consideration the utility of the devices and the risk involved in their use.

63.    There was a safer alternative design other than the ones used which in reasonable probability:

a.    would have prevented or significantly reduced the risk of incorrect amounts of insulin being administered and causing personal physical injury or physical sickness, which would not have impaired the utility of the devices; and

b.    that was economically and technologically feasible at the time the devices left Defendants' control by the application of existing or reasonably achievable scientific knowledge.

### C.    Manufacturing or Assembly Defect

64.    The MiniMed insulin pump and Quick-Set infusion sets used by Plaintiff deviate in manufacture, assembly, construction or quality, from the applicable specifications or designs in a way that made them unreasonably dangerous.

65.    The devices were unreasonably dangerous as manufactured and/or assembled because they were dangerous to a degree beyond that which would be expected or known by the ordinary consumer.

66.    The foregoing defects, individually or in combination, caused, or contributed to cause Plaintiff's injuries and damages as set out herein.

WEATHERS, RILEY &
SHEPPEARD, LLP
4848 SW 21st Street
Suite 202
Topeka, Kansas
66604-4415
(785)273-2020

- 12 -

PONTIOUS AMENDED PETITION

## COUNT II
### All Defendants
### Breach of Express Warranty

67.     Plaintiff incorporates by reference all previous paragraphs of her Petition as though fully set forth herein.

68.     At all time material herein, Defendants expressly represented and warranted to both healthcare providers and to the ultimate consumer users of their medical devices, including Plaintiff, that the Medtronic MiniMed insulin pump the Medtronic Quick-Set infusion sets used by Plaintiff, including their component parts, would safely and effectively deliver proper doses of insulin to the consumer user for the control of diabetes, including Plaintiff.

69.     Prior to Plaintiff purchasing the pump and infusion sets, as alleged herein, Defendants induced Plaintiff's purchases of said devices by expressly warranting or representing directly to Plaintiff, as well as to her physicians and/or other health care providers, that the devices, and their component parts, would safely and effectively provide her with appropriate doses of insulin .

70.     In purchasing the Defendants' insulin pump and infusion sets, Plaintiff relied on the skill and judgment of the Defendants and on the Defendants' express warranties and representations as described herein.  Such warranties and representations formed a part of the basis upon which Plaintiff selected and purchased the MiniMed pump and Quick-Set infusion sets, and their component parts.

71.     Defendants breached the express warranty by designing, manufacturing and marketing defective devices, which, in fact, failed to properly and effectively deliver insulin to Plaintiff.

WEATHERS, RILEY &
SHEPPARD, LLP
4848 SW 21ˢᵗ Street
Suite 202
Topeka, Kansas
66604-4415
(785)273-2020

- 13 -

PONTIOUS AMENDED PETITION

72.    Defendants' breach of express warranties caused or contributed to cause Plaintiff's injuries and damages as set out herein.

**COUNT III**
**All Defendants**
**Breach of Implied Warranty of Fitness for a Particular Purpose**

73.    Plaintiff incorporates by reference all previous paragraphs of her Petition as though fully set forth herein.

74.    Defendants knew or reasonably should have known the particular purpose for which Plaintiff purchased the MiniMed pump and Quick-Set infusion sets, and their component parts, because the sole purpose for which Defendants designed, manufactured, assembled, distributed and/or sold these particular devices was to provide appropriate and effective infusion of insulin into the ultimate consumer user's body to control diabetes, including Plaintiff.

75.    Defendants impliedly warranted that the Medtronic MiniMed insulin pump and the Medtronic Quick-Set infusion sets, and their component parts, were fit for the purpose for which they were designed and manufactured and that they were, in fact, suitable for the use made of them by Plaintiff.

76.    In purchasing and using such medical devices, Plaintiff relied on Defendants' skill and judgment and the implied warranty of fitness for a particular purpose for which Plaintiff purchased the pump and infusion sets.

77.    The MiniMed insulin pump and Quick-Set infusion sets were not fit for use for their intended purpose because, either separately or in combination, they caused the infusion of incorrect and ineffective doses of insulin, as experienced by Plaintiff.

WEATHERS, RILEY &
SHEPPEARD, LLP
4848 SW 21ˢᵗ Street
Suite 202
Topeka, Kansas
66604-4415
(785)273-2020

PONTIOUS AMENDED PETITION

78.    Defendants' breach of the implied warranty of fitness for a particular purpose caused or contributed to cause Plaintiff's injuries and damages as set out herein.

### COUNT IV
### All Defendants
### Breach of Implied Warranty of Merchantability

79.    Plaintiff incorporates by reference all previous paragraphs of her Petition as though fully set forth herein.

80.    Defendants impliedly warranted that the Medtronic MiniMed insulin pump and Medtronic Quick-Set infusion sets, and their component parts, were of merchantable quality, fit, safe and in proper condition for the ordinary use for which said medical devices are designed, manufactured, assembled, marketed and used.

81.    The Defendants' insulin pump, infusion sets, and their component parts, purchased and used by Plaintiff were not merchantable in that, among other things, either in combination or separately they failed to provide appropriate and effective doses of insulin into Plaintiff's body and failed to provide any indication or warning of such failure. For these reasons, among others, the Defendants' medical devices were unfit for ordinary purposes because they were unreasonably dangerous.

82.    Defendants' breach of the implied warranty of merchantability caused or contributed to cause Plaintiff's injuries and damages, as set forth herein.

### COUNT V
### All Defendants
### Negligence

83.    Plaintiff incorporates by reference all previous paragraphs of her Petition as though fully set forth herein.

WEATHERS, RILEY &
SHEPPEARD, LLP
4848 SW 21ˢᵗ Street
Suite 202
Topeka, Kansas
66604-4415
(785)273-2020

PONTIOUS AMENDED PETITION

84.    At all times material herein, Defendants were engaged in the design, manufacture, assembly, warning, branding, testing, inspecting, packaging, distribution, and sale of medical devices intended to be used to infuse appropriate and effective doses of insulin into the bodies of patients with diabetes, including Plaintiff. Defendants marketed and sold these medical devices to various physicians and other health care providers and directly to the ultimate consumer users, including Plaintiff.

85.    Defendants owed Plaintiff and the public a duty to use reasonable care in the design, manufacture, assembly, warning, branding, testing, inspecting, packaging, distribution and sale of the MiniMed insulin pump and Quick-Set infusion sets, and their component parts.

86.    Defendants were negligent in the design, manufacture, assembly, warning, branding, testing, inspecting, packaging, and marketing of the MiniMed insulin pump, the Quick-Set infusion sets, and their component parts, in one or more the following respects, among others:

a.    In designing, manufacturing, assembling, testing, inspecting, or packaging the Medtronic MiniMed insulin pump and/or the Medtronic Quick-Set infusion sets, and their component parts in a manner that caused or allowed the devices to fail to provide appropriate and effective doses of insulin to be infused into intended consumer users, including Plaintiff.

b.    In designing, manufacturing, assembling, testing, inspecting, or packaging the Medtronic MiniMed insulin pump and/or the Medtronic Quick-Set infusion sets, and their component parts in a manner that caused or allowed the devices to fail to vent properly resulting in inappropriate and ineffective doses of insulin to be infused into intended consumer users, including Plaintiff.

c.    In designing, manufacturing, assembling, testing, or inspecting the Medtronic MiniMed insulin pump, and its component parts, in a manner that allowed the pump to fail to provide any notice or alarm if and when it failed to provide appropriate and effective doses of insulin to be infused into intended consumer users, including Plaintiff.

WEATHERS, RILEY &
SHEPPEARD, LLP
4848 SW 21st Street
Suite 202
Topeka, Kansas
66604-4415
(785)273-2820

- 16 -

PONTIOUS AMENDED PETITION

d.    In misbranding the Medtronic MiniMed Insulin pump by failing to timely report to the FDA information that reasonably suggested that the device (1) may have caused or contributed to a death or serious injury; or (2) had malfunctioned and this device or a similar device marketed by Medtronic would be likely to cause or contribute to a death or serious injury, if the malfunction were to recur, as required by 21 C.F.R. § 803.50(a).

e.    In failing to comply with the standards set by the FDA for the design, manufacture, assembly, marketing, branding, distribution, and reporting for the Medtronic MiniMed insulin pump and/or Medronic Quick-Set infusion sets.

f.    In misbranding the Medtronic MiniMed Insulin pump and/or Quick-Set infusion sets in violation of K.S.A. § 65-655, et. seq, including specifically, but not limited to, K.S.A. § 65-669.

g.    In failing to adequately test and inspect the MiniMed insulin pump, the Quick-Set infusion sets and their component parts.

h.    In failing to properly market the MiniMed insulin pump and the Quick-Set infusion sets, and their component parts.

i.    In failing to provide Plaintiff or her health care providers with adequate warnings, information, or both, of the risks and hazards of the medical devices and their component parts.

j.    In failing to provide Plaintiff or her health care providers with reasonable and proper instruction and directions to enable Plaintiff to accurately and safely use the MiniMed insulin pump and the Quick-Set infusion sets.

k.    In delivering the MiniMed insulin pump and Quick-Set infusion sets to health care providers and directly to consumer users such as Plaintiff, without sufficient personal training and instruction for using the devices.

87.    The design, manufacture, assembly, testing, inspecting, packaging, marketing and function of the Medtronic MiniMed insulin pump and Quick-Set infusion sets were within the exclusive control of the Defendants.

88.    The specific facts concerning the design, manufacture, assembly, testing, inspecting, packaging, marketing, and function of the Medtronic MiniMed insulin pump and Quick-Set infusion sets are particularly within the knowledge of Defendants, and Plaintiff

WEATHERS, RILEY &
SHEPPEARD, LLP
4848 SW 21ˢᵗ Street
Suite 202
Topeka, Kansas
66604-4415
(785)273-2020

- 17 -

has no means of determining the method or manner in which the pump, the infusion sets, and their component parts were designed, manufactured, assembled, or marketed.

89.    The medical devices designed, produced and marketed by Defendants came into Plaintiff's possession in the same condition they were in when they left the control of the Defendants.

90.    In the ordinary course of events, the occurrences that caused harm to Plaintiff, as described herein, would not have occurred absent negligence on the part of the Defendants, which, under the doctrine of *res ipsa loquitur*, permits a finder of fact to infer negligence on the part of the Defendants.

91.    The negligent acts and omissions of Defendants, whether individually or in any combination, caused or contributed to cause Plaintiff's injuries and damages as set forth herein.

**COUNT VI**
**VIOLATION OF THE KANSAS PRODUCT LIABILITY ACT**
K.S.A. § 60-3301, *et. seq,*

92.    Plaintiff incorporates by reference all previous paragraphs of her Petition as though fully set forth herein.

93.    The Kansas Product Liability Act ("KPLA"), K.S.A. § 60-3301, *et. seq,* provides, at K.S.A. § 60-3304(b), when the injury-causing aspect of a product was not, at the time of manufacture, in compliance with regulatory standards relating to design, performance, warnings or instructions, the product shall be deemed defective unless the product seller proves by a preponderance of the evidence that its failure to comply with such standards was a reasonably prudent course of conduct under the circumstances.

WEATHERS, RILEY &
SHEPPARD, LLP
4848 SW 21ˢᵗ Street
Suite 202
Topeka, Kansas
66604-4415
(785)273-2020

- 18 -

PONTIOUS AMENDED PETITION

94.    Upon information and belief, at the time of manufacture and when used by Plaintiff, the Defendants' Medtronic MiniMed insulin pump was not in compliance with regulatory standards because the Defendant failed to timely report to the FDA information that reasonably suggested that the device (1) may have caused or contributed to a death or serious injury; or (2) had malfunctioned and this device or a similar device marketed by Medtronic would be likely to cause or contribute to a death or serious injury, if the malfunction were to recur, as required by 21 C.F.R. § 803.50(a), and said violation caused or contributed to cause Plaintiff's injuries and damages.

95.    Upon information and belief, at the time of manufacture and when used by Plaintiff, the Defendants' Quick-Set "Lot 8" infusion set was not in compliance with regulatory standards because it was incorrectly manufactured so that it, or the Medtronic MiniMed pump with which it was used, would not vent properly, and said violation caused or contributed to cause Plaintiff's injuries and damages.

96.    The Defendants' violations of the KPLA, whether individually or in any combination, caused or contributed to cause Plaintiff's injuries and damages as set forth herein.

## COUNT VII
## VIOLATION OF THE KANSAS CONSUMER PROTECTION ACT
K.S.A. § 50-623, *et seq,*

97.    Plaintiff incorporates by reference all previous paragraphs of her Petition as though fully set forth herein.

WEATHERS, RILEY &
SHEPPEARD, LLP
4343 SW 21ˢᵗ Street
Suite 202
Topeka, Kansas
66604-4415
(785)273-2828

- 19 -

PONTIOUS AMENDED PETITION

98.     Under the Kansas Consumer Protection Act ("KCPA"), K.S.A. § 50-623, *et seq*, Plaintiff is a consumer, K.S.A. § 50-624(b), and the Defendants are suppliers, K.S.A. § 50-624(l).

99.     Under the K.S.A. § 50-626, no supplier shall engage in any deceptive act or practice in connection with a consumer transaction and deceptive acts include, but are not limited to the willful failure to state a material fact, or the willful concealment, suppression or omission of a material fact. K.S.A. § 50-626(b)(3).

100.    Upon information and belief, Defendants violated the KCPA by engaging in deceptive acts and practices when they willfully failed and refused to timely report information that reasonably suggested that the device (1) may have caused or contributed to a death or serious injury; or (2) had malfunctioned and would be likely to cause or contribute to a death or serious injury if the malfunction were to recur, as required by 21 C.F.R. § 803.50(a).

101.    The Defendants' violations of the KCPA, whether individually or in any combination, caused or contributed to cause Plaintiff's injuries and damages as set forth herein.

102.    Under the KCPA, Plaintiff is entitled to recover her actual damages and a civil penalty in an amount up to $10,000.00, per violation.

103.    Under the KCPA, Plaintiff is also entitled to recover her reasonable attorney's fees.

## DAMAGES

104.    Plaintiff incorporates by reference all previous paragraphs of her Petition as though fully set forth herein.

WEATHERS, RILEY &
SHEPPARD, LLP
4848 SW 21st Street
Suite 202
Topeka, Kansas
66604-4415
(785)273-2020

- 20 -

PONTIOUS AMENDED PETITION

105.    As a direct result of the defects and failure of the Medtronic MiniMed pump or Medtronic Quick-Set infusion set, or both, which were caused by the willful, intentional, and negligent acts and omissions of the Defendants, as set out herein, Plaintiff has sustained physical and emotional pain and suffering to date that will continue in the future and which is permanent, has sustained economic losses including lost income and past medical and psychological expenses, medical and psychological expenses expected to be incurred for future medical evaluations and treatment, and potential future loss of income due to ongoing psychological problems, and her damages are in excess of $75,000.00.

WHEREFORE, Plaintiff Alice Pontious, prays for judgment against Medtronic, Inc., Medtronic Diabetes, Medtronic MiniMed, Inc., Medtronic USA, Inc., Medtronic Puerto Rico Operations Company, ConvaTec Inc., Unomedical, Unomedical Infusion Devices, and Unomedical Inc., individually and collectively, in excess of $75,000.00 for the injuries and non-economic and economic damages caused to her by Defendants' Medtronic MiniMed Insulin Pump and/or Medtronic Quick-Set insulin infusion sets, or their component parts, for the civil penalty and attorneys fees as allowed by the KCPA, and for her costs for this action and any other and further relief the Court deems just and equitable.

Submitted by:

Cynthia J. Sheppeard, KS Bar #12039
WEATHERS, RILEY & SHEPPEARD, LLP
4848 SW 21st Street, Suite 202
Topeka, KS 66604-4415
(785) 273-2020 - Telephone
(785) 273-4662 - Telefax
CJS@WRSLAW.NET
ATTORNEYS FOR PLAINTIFF

WEATHERS, RILEY &
SHEPPEARD, LLP
4848 SW 21st Street
Suite 202
Topeka, Kansas
66604-4415
(785)273-2028

PONTIOUS AMENDED PETITION

### DEMAND FOR JURY TRIAL BY TWELVE

Plaintiff herein hereby demands trial by a jury of twelve (12) in Topeka, Kansas.

Cynthia J. Sheppeard, KS Bar #12039
WEATHERS, RILEY & SHEPPEARD, LLP
4848 SW 21st Street, Suite 202
Topeka, KS 66604-4415
(785) 273-2020 - Telephone
(785) 273-4662 - Telefax
CJS@WRSLAW.NET
ATTORNEYS FOR PLAINTIFF

### CERTIFICATE OF SERVICE

I hereby certify that I sent via United States mail, a true and correct copy of the

foregoing on this 1st day of July, 2011 to the following attorneys of record:

John E. Bordeau
SANDERS WARREN & RUSSELL, LLP
9401 Indian Creek Parkway
Overland Park, KS 66210
j.bordeau@swrllp.com
ATTORNEYS FOR DEFENDANTS
CONVATEC AND UNOMEDICAL

Cynthia J. Sheppeard, KS Bar #12039
WEATHERS, RILEY & SHEPPEARD, LLP
4848 SW 21st Street, Suite 202
Topeka, KS 66604-4415
(785) 273-2020 - Telephone
(785) 273-4662 - Telefax
CJS@WRSLAW.NET
ATTORNEYS FOR PLAINTIFF

WEATHERS, RILEY &
SHEPPEARD, LLP
4848 SW 21st Street
Suite 202
Topeka, Kansas
66604-4415
(785)273-2826

- 22 -

PONTIOUS AMENDED PETITION

UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| *ALICE PONTIOUS,* | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| *MEDTRONIC, INC., MEDTRONIC* | ) |
| *DIABETES, MEDTRONIC MINIMED,* | ) |
| *INC., MEDTRONIC USA, INC.,* | ) Case No. |
| *MEDTRONIC PUERTO RICO* | ) |
| *OPERATIONS COMPANY, CONVATEC* | ) |
| *INC., UNOMEDICAL, UNOMEDICAL* | ) |
| *INFUSION DEVICES, and* | ) |
| *UNOMEDICAL, INC.,* | ) |
| | ) |
| Defendants. | ) |

## CONSENT TO REMOVAL

Defendants ConvaTec Inc., Unomedical, Unomedical Infusion Devices, and Unomedical, Inc., by and through their attorneys Sanders Warren & Russell LLP, hereby notify the Court pursuant to 28 U.S.C. §§ 1441 and 1446 of their consent to the removal of the state-court action entitled *Alice Pontious v. Medtronic, Inc., et al.*, Case No. 11C000683, filed in the District Court of Shawnee County, Kansas, and joins in the removal (Doc. 1) filed by Defendants Medtronic, Inc., Medtronic MiniMed, Inc., Medtronic USA, Inc., and Medtronic Puerto Rico Operations Company on July 5, 2011.



SANDERS WARREN & RUSSELL LLP

By:

John E. Bordeau
Douglas P. Hill
40 Corporate Woods
9401 Indian Creek Pkwy., Ste. 1250
Overland Park, KS  66210
913-234-6100
913-234-6199 (Fax)
E-mail:  j.bordeau@swrllp.com
        dp.hill@swrllp.com

*Attorneys for Defendants ConvaTec Inc.,
Unomedical, Unomedical Infusion Devices, and
Unomedical, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of July, 2011, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Cynthia J. Sheppeard, Esq.
Weathers, Riley & Sheppeard, LLP
4848 SW 21st St., Ste. 202
Topeka, KS 66604-4415
cjs@wrslaw.net
*Co-Counsel for Plaintiff*

Andrew D. Ryan, Esq.
Sandberg Phoenix & von Gontard P.C.
600 Washington Ave. – 15th Floor
St. Louis, MO 63101-1313
314-231-3332
314-241-7604 (Fax)
aryan@sandbergphoenix.com

And

Emily M. Rome, Esq.
Maslon Edelman Borman & Brand, LLP
3300 Wells Fargo Center
90 S. 7th St.
Minneapolis, MN 55402-4140
emily.rome@maslon.com
*Attorneys for Defendants Medtronic, Inc.,*
  *Medtronic MiniMed, Inc., Medtronic USA, Inc., and*
  *Medtronic Puerto Rico Operations Company*

3016096\1                              3